UNITED STATES of America,
Plaintiff,

v.

Neal Richard PETERS, Defendant.

No. 71 CR 396.

United States District Court,
N. D. Illinois, E. D.

Aug. 20, 1971.

Geoffrey G. Gilbert, Chicago, Ill., for defendant.

M. L. Sfasciotti, Chicago, Ill., for the United States.

## MEMORANDUM OPINION

CAMPBELL, Senior District Judge.

The defendant, Neal Richard Peters, has filed a motion to dismiss an indictment charging him with refusing to submit to induction as ordered, in violation of the Military Selective Service Act of 1967. 50 U.S.C.App. Sec. 462. The induction order is challenged by the defendant on the ground that there was no basis in fact for his 1–A classification and for the rejection of his request for classification as a conscientious objector.

The scope of judicial inquiry in these cases is limited to an examination of the Selective Service System's records

**904**

to ascertain whether a lawfully cognizable basis in fact supports the local board's classification. Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Dickinson v. United States, 346 U.S. 389, 396, 74 S. Ct. 152, 98 L.Ed. 132 (1953); United States v. Joyce, 437 F.2d 740, 744 (7th Cir. 1971).

Only last year, our Court of Appeals for the Seventh Circuit announced that: "(W)here the validity of a classification rejecting a claim as conscientious objector is in issue, and where the registrant described a belief which on its face fulfilled the legal requirements, (and where) the board did not state its reason for rejection, and the court can not otherwise determine with any degree of assurance that the decision really made by the board properly supported the rejection and had a basis in fact, the court should declare the classification invalid." United States v. Lemmens, 430 F.2d 619, 624 (7th Cir., 1970); see also, United States ex rel. Hemes v. McNulty, 432 F.2d 1182, 1184–1185 (7th Cir., 1970).

■ In order to establish a *prima facie* case for classification as a conscientious objector, a registrant must show that he is conscientiously opposed to war in any form, Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971), that his opposition stems from a "religious training and belief" as construed by United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965) and Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), and finally that he is sincere in his expressed convictions. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955). See Clay v. United States, 403 U.S. 698, 700, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971). Where the registrant has made such a showing, classification as a conscientious objector cannot be denied by either the local board or the appeal board, unless it determined, with some basis in fact, that the registrant did not deeply and sincerely hold the convictions he claims he

has. United States v. Lemmens, 430 F. 2d 619, 622 (7th Cir., 1970).

■ Applying these principles to the case before me, I am satisfied after a careful examination of the defendant's Form 150 (Special Form For Conscientious Objector), the local board's minutes of a "courtesy hearing" granted the defendant on his claim and other materials in the Selective Service file, that the beliefs expressed by the defendant qualify on their face for classification as a conscientious objector. Since the Government does not contend that the defendant did not make a sufficient *prima facie* showing, a detailed description of the defendant's beliefs would serve only to unnecessarily lengthen this opinion. Suffice it to say that the defendant's communications to the board reveal that he was conscientiously opposed to war in any form and that the opposition was based on the tenets of his religion as he understood them.

A *prima facie* claim for conscientious objection having been established, the question then becomes whether there exists a basis in fact for its rejection. The local board, following a courtesy hearing at which the defendant appeared before the board and answered its questions stated only that "The registrant did not convince the board that his religious training and beliefs were such to warrant the 1–O classification." This conclusory statement of the local board is, of course, susceptible to multiple interpretations, some of which, such as that the beliefs, even if true, would not entitle the registrant to the requested classification, would be erroneous as a matter of law. See Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L. Ed. 436 (1955); United States v. Lemmens, 430 F.2d 619, 623 (7th Cir., 1970); United States v. Haughton, 413 F.2d 736, 743 (9th Cir., 1969). From the board's statement alone, it is impossible to determine on what basis the board acted. Since it cannot be ascertained whether the local board acted upon a permissible basis in fact, this Court must invalidate the classification.

United States v. Joyce, 437 F.2d 740 (7th Cir., 1971); United States v. Lemmens, 430 F.2d 619 (7th Cir., 1970).

■■ I turn next to the reasons offered by the appeal board as the basis of its rejection of the conscientious objection claim. The board found that the defendant's claim was "not sincere" on the grounds of "convictions not deeply held" and "merely a personal moral code." My review of the defendant's Selective Service file has failed to uncover any facts which would justify questioning his sincerity. See United States v. Joyce, 437 F.2d 740, 745 (7th Cir., 1971). It is not sufficient for the board to merely state a disbelief in the registrant's sincerity. United States v. James, 417 F.2d 826, 832 (4th Cir., 1969). If the board is denying a request for classification as a conscientious objector because of lack of sincerity, it should at least indicate those facts, such as inconsistent actions or statements of the registrant, shifty or evasive demeanor, lateness of the claim or other factors, on which it relied to reach its conclusion. United States ex rel. Hemes v. McNulty, 432 F.2d 1182, 1187 (7th Cir., 1970). Here the appeal board had before it only the registrant's file. It did not have an opportunity to observe or question the defendant. The file itself contains no suggestion of bad faith or lack of sincerity. The statements of the registrant found therein reveal no inconsistencies. Under these circumstances, there can be no basis in fact to support the board's finding that the defendant's "convictions were not deeply held."

Nor does this Court find, as the Government suggests, that insincerity was demonstrated in the defendant's notifying his local board prior to his hearing on his conscientious objector request that he was about to become a part-time student and intended also to get married. Neither statement is inconsistent with the classification previously sought by the defendant. Indeed, in communicating these facts to the local board, the defendant simply may have been attempting to comply with the Selective Service regulations which require a registrant to notify his local board of any fact "which might change" his classification. 32 CFR Sec. 1625.1(b), 1641.-7(a). Noteworthy also, the defendant did not even request a different classification based on this information.

Finally, the appeal board's finding that the defendant's beliefs constituted "merely a personal moral code" is not supported in the record. The only materials before that board demonstrated unequivocally that defendant's beliefs are based upon "religious training and belief" as defined in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed. 2d 733 (1965) and Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). See also Clay v. United States, 403 U.S. 698, 703, 91 S. Ct. 2068, 29 L.Ed.2d 810 (1971). The Government, understandably and commendably, does not attempt to justify the appeal board's conclusion on this ground.

I make no determination on whether the defendant is entitled to classification as a conscientious objector. That is a matter for the local board, not the district court, to decide. See United States ex rel. Hemes v. McNulty, 432 F.2d 1182, 1187 (7th Cir., 1970). I find only that there is nothing in the reasons stated either by the boards or elsewhere in the record which indicates that the decision rejecting the classification sought by the defendant had any basis in fact.

Accordingly, the indictment returned against the defendant, Neal Richard Peters, is dismissed.

Order accordingly.